UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMION NEVILLS JR., #847918,

    Plaintiff,

v.

    Case No. 24-cv-10095
    Honorable Linda V. Parker

UNKNOWN OKPA, et al.,

    Defendants.
_____/

### OPINION & ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DISMISSING THE CIVIL RIGHTS COMPLAINT, & CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

Michigan prisoner Damion Nevills Jr. ("Plaintiff"), currently confined at the Ionia Correctional Facility in Ionia, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The case arises from an alleged sexual assault, excessive force, and retaliation while Plaintiff was confined at the Macomb Correctional Facility in Lenox Township, Michigan. (ECF No. 1.) Plaintiff also has filed an application to proceed without prepayment of the filing fees because he allegedly lacks the funds to pay the required fees. (ECF No. 2.) However, Plaintiff's certificate of prisoner account activity, for which certification was provided of Plaintiff's financial statement by a prison administrative official, states that he had a current spendable account balance of $1,011.72 in his prison account

as of January 4, 2024.  (*Id.*)   Additionally, requiring Plaintiff to prepay the filing fees for this action will not force him to go without necessities because, as a prisoner, his food, clothing, and shelter are provided by the government.  *See Lyon v Krol*, 127 F.3d 763, 765 (8th Cir. 1997).   Accordingly, the Court concludes from the financial data that Plaintiff fails to establish indigence and that he can pay the $350.00 filing fee and the $52.00 administrative fee for this civil action.

Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES WITHOUT PREJUDICE** his civil rights complaint.   The Court is required to dismiss the case because the allegation of poverty is untrue.   *See* 28 U.S.C. § 1915(e)(2)(A).   If Plaintiff wishes to pursue his claims, he must re-file his civil rights complaint along with payment of the required fees.   The Court makes no determination as to the merits of the Complaint.   Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.   *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   This case is closed and will not be reopened.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 13, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 13, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager